UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
**JAMES J. RADLER,**                      )
               **Plaintiff,**          )          **CIVIL ACTION**
**v.**                                                )          **NO.  4:19-40162-TSH**
                                                        )
**THOMAS TURCO, COLLETE GOGUEN,**  )
**JESSICA WYSON, REBECCA**          )
**STRATFORD, & JAMES PATTERSON,** )
               **Defendants.**        )
_____ )

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS
(Docket No. 25)

**June 8, 2020**

**HILLMAN, D.J.,**

James Radler ("Plaintiff") filed this action against, *inter alia*, Jessica Wyson, Rebecca Stratford, and James Patterson (collectively, "Defendants"), alleging violations of the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2 § 2, and the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. (Docket No. 23). Defendants move to dismiss for failure to state a claim. (Docket No. 25). For the following reasons, the Court ***grants in part*** and ***denies in part*** their motion.

### Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff appears *pro se*, the Court construes his pleadings more favorably than it would those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff must comply with procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## Discussion

### 1. IAD Claims

Plaintiff asserts violations of Articles III(b) and III(c) of the IAD.[1] Article III(c) requires "[t]he warden, commissioner of corrections, or other official having custody of the prisoner" to "promptly inform him of the source and contents of any detainer lodged against him and . . . his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based." Article III(b) provides for the "the warden, commissioner of corrections, or other official having custody of" the prisoner to promptly forward any request for final

---

[1] He also appears to assert violations of Article III(d), but the Court assumes this is a pleading error. Article III(d) provides that a request for final disposition on charges from one jurisdiction within a state is a request for final disposition on charges pending in any other jurisdiction of that state. Plaintiff does not suggest that Defendants failed to notify the appropriate prosecuting officials in the different jurisdictions of a single state. The Court accordingly dismisses any claims asserted under Article III(d).

disposition "to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." Defendants argue that Plaintiff has not sufficiently stated a claim for relief under either provision. With two exceptions, the Court disagrees.

First, Plaintiff makes only one allegation against Patterson, that he denied Plaintiff's administrative grievance against Wyson and Stratford. Because this allegation does not establish a violation of Article III(b) or Article III(c), the Court ***grants*** the motion to dismiss the IAD claims against Patterson. Second, to the extent Plaintiff premises his IAD claims on the Idaho detainer, this detainer relates to a parole violation (Docket No. 23 at 6), and Article III does not extend to parole-violation detainers, *see Carchman v. Nash*, 473 U.S. 716, 727–28, 734 (1985). The Court accordingly ***grants*** the motion to dismiss any IAD claim based on the Idaho detainer.

With respect to the IAD claims premised on the other three detainers, however, the Court ***denies*** Defendants' motion to dismiss. Plaintiff alleges that (1) New Hampshire filed a detainer against him on July 3, 2013,[2] Maine filed a detainer against him on January 21, 2015, and Connecticut filed a detainer against him on September 25, 2015;[3] and (2) Wyson and Stratford did not inform him about these detainers until roughly two years after they had been filed and/or he entered into the state's custody. (Docket No. 23 at 5–6). These allegations establish plausible entitlement to relief under Article III(c). Plaintiff further alleges that (1) he requested a final

---

[2] Because Plaintiff admits that he did not enter the custody of the Massachusetts Department of Corrections (the "Massachusetts DOC") until January 21, 2015 (Docket No. 36 at 1), Defendants cannot be liable for failing to inform Plaintiff about the New Hampshire detainer from July 3, 2013, through January 21, 2015. *Cf. Smith v. Elo*, 61 F. Supp. 2d 668, 673 (E. D. Mich. 1999), *aff'd*, 23 F. App'x 310 (6th Cir. 2001). But the construing the complaint favorably to account for Plaintiff's pro se status, the Court infers that Defendants became aware of the detainer and that IAD protections attached at the time of his transfer to the Massachusetts DOC.

[3] Defendants challenge the accuracy of these dates. (Docket No. 26 at 3–5, 9, 10–11, 11–12). But at this stage in the proceedings, the Court must accept Plaintiff's well-pled factual allegations, including the date on which various states filed detainers with the Massachusetts DOC, as true. *See Langadinos*, 199 F.3d at 69.

disposition on the Maine and Connecticut charges shortly after learning about each detainer; and (2) Wyson and Stratford delayed forwarding and/or refused to forward his requests. (Docket No. 23 at 7–8, 10–11). These allegations establish plausible entitlement to relief under Article III(b). Plaintiff thus has stated claims for relief against Wyson and Stratford under Articles III(b) and III(c) of the IAD.

### 2. *Constitutional Claims*

In addition to his statutory claims, Plaintiff asserts a violation of his constitutional right to due process. He contends that the Defendants' failure to promptly inform him about the New Hampshire, Maine, Connecticut, and Idaho detainers caused him "to serve a number of additional years of incarceration, an obvious due process violation." (Docket No. 23 at 1–2). But even assuming *arguendo* that "serv[ing] a number of additional years of incarceration" due to the failure to promptly inform a prisoner about a detainer could, under certain circumstances, implicate his due process rights, Plaintiff fails to establish that such circumstances exist here. Plaintiff is only scheduled to serve an additional period of incarceration for the parole violation charged in the Idaho detainer,[4] and as the Court noted above, he had no legal entitlement to (or property interest in) prompt notice of this detainer under the IAD. *See Carchman*, 473 U.S. at 727–28, 734. And to the extent Plaintiff might argue that the Constitution independently requires prompt notice of parole-violation detainers when a prisoner faces an additional period of incarceration, Supreme Court precedent appears to suggest otherwise.[5] *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 87–88

---

[4] Plaintiff did not serve any additional time for the Maine charges, and it is not clear from the complaint whether he will serve any additional time for the New Hampshire or Connecticut charges.

[5] Numerous circuit courts, moreover, have held that "due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation," i.e., that the prospect of additional years of incarceration due to delayed disposition of a parole violation does not, without more, violate a prisoner's due process rights. *See United*

(1976) (declining to find that deferral of a parole revocation hearing violated a prisoner's right to due process and rejecting the argument that the delay deprived him of the opportunity for a concurrent sentence[6]).  The Court accordingly ***grants*** the motion to dismiss Plaintiff's constitutional claims.

### 3. Qualified Immunity

Defendants argue that they are entitled to qualified immunity on Plaintiff's surviving claims.  The Court, however, declines to rule on qualified immunity at this stage in the proceedings.  Article III requires prison officials to "promptly inform" prisoners about any detainers filed against them and to "promptly forward" their requests for a final disposition on those detainers to the appropriate prosecuting officials.  Plaintiff has alleged facts which, taken as true, suggest that Wyson and Stratford delayed disclosing the New Hampshire, Maine, and Connecticut detainers for roughly two years and refused to forward Plaintiff's requests for a final disposition to prosecuting officials in Maine or Connecticut.  Because a two-year delay in disclosing a detainer and the categorical refusal to forward a request for final disposition, if proven true, would violate clearly established law, it would be inappropriate dismiss Plaintiff's claims on qualified immunity grounds at this juncture.  *See El Dia, Inc. v. Governor Rossello*, 165 F.3d 106, 110 (1st Cir. 1999); *cf. Krohne v. Peterson*, 74 F.3d 1246, at *4–5 (9th Cir. 1996) (unpublished).

---

*States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996); *see also United States v. Sanchez*, 225 F.3d 172, 177 (2d Cir. 2000); *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 634 (10th Cir. 1991).

[6]   In rejecting this argument, the *Moody* Court found it significant that the state parole board had full discretion during any future revocation hearing to dismiss the parole violation warrant, decide not to revoke his parole, or award retroactive credit for time served on the substantive charges underlying the violation.  *Id.* at 87.  Presumably, the Idaho Commission on Pardons and Paroles had the same discretion here.

**Conclusion**

For the reasons stated above, Defendants' motion is ***granted in part*** and ***denied in part***. (Docket No. 25).  The Court dismisses without prejudice all claims against Patterson, the IAD claims against Wyson and Stratford premised on Idaho detainer, and the constitutional claims against Wyson and Stratford.  The IAD claims against Wyson and Stratford premised on the New Hampshire, Maine, and Connecticut detainers survive this motion.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**